UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| LIDIA LECH,<br><br>                                        Plaintiff<br><br>          v.<br><br>DOROTHEA VON GOELER, M.D.;<br>BAYSTATE MEDICAL PRACTICES, INC.;<br>HAMPDEN COUNTY SHERIFF'S DEPARTMENT;<br>MARIA DIAZ; NICOLE SKORUPSKI;<br>ELIZABETH MEAUX; SHANTELLE ROSADO;<br>JULIE BELLE-ISLE; LYNN CHASE;<br>MICHAEL J. ASHE, JR.; NICHOLAS COCCHI;<br>PATRICIA MURPHY; NATALIE CRUZ;<br>MICHAEL VANCINI,<br>                                        Defendants | C.A. No. 3:17-CV-30024 |

**DEFENDANTS, HAMPDEN COUNTY SHERIFF'S DEPARTMENT, MARIA DIAZ, NICOLE SKORUPSKI, ELIZABETH MEAUX, SHANTELLE ROSADO, JULIE BELLE-ISLE, LYNN CHASE, MICHAEL J. ASHE, JR., NICHOLAS COCCHI, PATRICIA MURPHY, NATALIE CRUZ AND MICHAEL VANCINI'S MOTION IN LIMINE TO EXCLUDE ANY ARGUMENT OR EVIDENCE REGARDING THE LOSS OF THE PLAINTIFF'S BABY**

      Now come the defendants, Hampden County Sheriff's Department, Maria Diaz, Nicole Skorupski, Elizabeth Meaux, Shantelle Rosado, Julie Belle-Isle, Lynn Chase, Michael J. Ashe, Jr., Nicholas Cocchi, Patricia Murphy, Natalie Cruz, and Michael Vancini (collectively the "HCSD Defendants"), and hereby move this Court in limine to preclude any argument or evidence, including witness testimony, expert testimony, and/or documentary evidence related to the grief, anguish or bereavement due to the loss of her child. In support of same, the HCSD defendants state:

1. On April 21, 2022, the defendants moved in limine to preclude evidence outside the scope of damages potentially awarded (ECF #210 and #211).

2. Both of these motions were based on the fact that the plaintiff, Lidia Lech, solely brought individual negligence claims, as well as individual claims with higher thresholds (deliberate indifference, intentional infliction of emotional distress).

3. On the afternoon of May 3, 2022, the Court (Robertson, J.) issued its final ruling on this issue from the bench, correctly holding that wrongful death damages are not part of the measure of damages awardable in this case under any theory (tort or claim under 42 U.S.C. § 1983).  The Court cited to the United States Supreme Court opinion in *Robertson v. Wegmann*, with regard to its reliance on 42 U.S.C. § 1988 and that statute's reference to state statutes.  *Robertson v. Wegmann*, 436 U.S. 584, 593, 98 S. Ct. 1991, 1996-97 (1978).  The Court further cited to *Bost v. Wexford Health Sources, Inc.*, Civil Action No. ELH-15-3278, 2021 U.S. Dist. LEXIS 65815, 2021 Westlaw 1251880, (D. Md. Apr. 2, 2021), *Wheeler v. City of Santa Clara*, 894 F.3d 1046 (9th Cir. 2018), and *Estate of Guled v. City of Minneapolis*, 869 F.3d 680, 684 (8th Cir. 2017) ("[t]he wrongful death statute - not the probate statute - governs §1983 standing.  *See Robertson*, 436 U.S. at 589. Regardless of any damages limitation that may apply were the party to pursue a state law claim under § 573.02, only a person who has standing to bring a claim under § 573.02 has standing to bring a § 1983 action in these circumstances. See 42 U.S.C. § 1988(a). Because Abdi is not a wrongful death trustee under § 573.02, the district court did not err in concluding that Abdi does not have standing to pursue a §1983 claim on behalf of Guled.")

4. Additionally, it is well-supported and apparently undisputed that the plaintiff is not, under any theory, entitled to an award of damages for grief, anguish, and bereavement.  The Massachusetts Wrongful Death Act does not allow for recovery of damages for the grief, anguish or bereavement of survivors. *See MacCuish v. Volkswagenwerk A.G.,* Mass.App.Ct. 380, 397-98 (1986) (instruction calling for the exclusion of grief, anguish, and bereavement of the survivors is "proper and advisable").  *See also Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573 (1974) ("loss of society must not to be confused

with mental anguish or grief"). With respect to Ms. Lech's proffered individual claims, grief, anguish, and bereavement are similarly not recoverable. *See Laaperi v. Sears, Roebuck & Co.*, 787 F.2d 726, 735 (1986) ("the jury was *not* permitted to award [the 13-year-old plaintiff] compensation for her grief and mental suffering resulting from the loss of her three brothers" in a fire at their home).

5. So, with the Court's recent ruling, it is now established that the plaintiff is not entitled to damages that would be recoverable under the Massachusetts Wrongful Death Act, Mass. Gen. Laws, c. 229, § 2. This includes the fair monetary value of the decedent to Ms. Lech, "including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent." *Id.*

6. It is also established that the plaintiff is not entitled to an award of damages for the grief, anguish, or bereavement that she suffered as a result of the loss of her child.

7. With the Court's recent, correct ruling, the line between what is relevant evidence in this case and what is not emerges from its obscurity and sharpens. While the plaintiff may be able to recover damages for her own emotional distress suffered as a result of alleged mistreatment of her by the defendants, she is absolutely barred from recovering wrongful death damages or damages for anguish, grief and bereavement. If the plaintiff proves her case, she may be entitled to an award of damages for emotional distress that she experienced in the final ten days at the WCC, when she alleges, among other things, that she was denied proper medical care. She may be able to recover emotional distress damages for the anxiety and stress she experienced on the ride to the hospital and while waiting to be seen. However, once she was informed that the baby had passed, the emotions she undoubtedly experienced necessarily ceased to be anxiety or emotional distress over what *might* happen with regard to her pregnancy and became grief, anguish and bereavement over what *had* happened. Once the baby was stillborn, she began to suffer the great loss of the child, a loss she continues to suffer to this day, no doubt. As

tragic as those losses undoubtedly are, they are not part of the measure of damages in this case and, especially because of the nature of the evidence and the loss, the plaintiff should be precluded from confusing the jury with this evidence.

8. The plaintiff has indicated that she intends to offer evidence to support her claims for these damages, which are now barred.

9. The plaintiff has included on her list of proposed exhibits "Photos of plaintiff and baby at Baystate." Joint Pretrial Memorandum (ECF # 196) 40. Plaintiff's counsel made reference to those photographs in his Opening Statement on May 9, 2022. Obviously, such photos are likely to play to the jurors' emotions, but they are of no relevance to this case. See Fed.R.Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.") The only facts that these photographs could make more or less probable is the nature and extent of the plaintiff's loss of the society, companionship, and comfort of her child, or the nature and extent of the grief, anguish, and bereavement that the plaintiff suffered as a result of the death of her child. These damages are not a part of the measure of damages in this case and, therefore, this evidence is not relevant.

10. Even if the photographs could somehow be shown to be relevant in some way, the Court should exclude them because any probative value the photographs would have, and there is none, would be substantially outweighed by the likelihood of unfair prejudice against the defendants, confusion of the issues in the case, and that the photographs would mislead the jury to concluding that wrongful death damages and damages for grief are awardable to the plaintiff. The undeniably emotional nature of these photographs creates a great risk that the jury would be moved to decide this case on emotion rather than the fact and the law and, for that reason, their probative value is greatly outweighed by their prejudicial effect. See Fed.R.Evid. 403 ("The court may exclude relevant evidence if its

probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury.")

11. For the very same reasons, the plaintiff should be precluded from introducing evidence, whether documentary or through testimony, regarding the plaintiff learning of the death of the baby, the c-section procedure at Baystate Medical Center on January 2, 2014, the aftermath of that procedure, and the effect of the loss of the child on the plaintiff, from the moment she learned of that loss to the present.  The loss of the child is simply not an issue in this case because the plaintiff did not include a claim for it in the Complaint or in either of the two subsequent amendments.  Therefore, the loss of the child is not part of her measure of damages.  The plaintiff's anguish, grief, and bereavement over the loss of her child could never have been an issue in this case.

12. The Wrongful Death Act compensates plaintiffs not only for the monetary loss caused by the death, such as the "loss of the reasonably expected net income," but also for the traumatic emotional toll of the loss of a loved one, including the loss of the "society, companionship, and comfort" of the deceased.  Mass. Gen. Laws, c. 229, § 2.  The First Circuit has acknowledged that this type of non-economic damages are "notoriously difficult to quantify."  Such damages, however, are "notoriously difficult to quantify." *McIntyre v. United States*, 447 F. Supp. 2d 54, 117 (D. Mass. 2006) quoting *Havinga v. Crowley Towing and Transp. Co.*, 24 F.3d 1480, 1484 (1st Cir. 1994).  "Nevertheless, the amount awarded must be the product of 'a process of rational appraisal' and based upon 'the evidence adduced at trial.'" *Id*. quoting *Ruiz v. Gonzalez Caraballo*, 929 F.2d 31, 35 (1st Cir. 1991).

13. The plaintiff should be precluded from making any statement or argument, either through her own testimony, through the testimony of witnesses, or through her attorneys' opening statement and closing argument, regarding the plaintiff's grief and bereavement upon learning that the baby had passed or thereafter, the experience of the c-section, the experience of holding her baby after it was delivered stillborn, and any experiences of

5

anguish, grief, bereavement, or wrongful death type damages associated with the loss of the baby, including but not limited to loss of society, companionship, and comfort of the baby.

WHEREFORE, for the foregoing reasons, the HCSD Defendants hereby move *in limine* to exclude the following from the trial of this matter:

1. Any photographs of the plaintiff and her baby;

2. Any testimony or other evidence related to the plaintiff's anguish, grief, and bereavement, upon learning of the death of her baby or thereafter, regarding the c-section to deliver the stillborn baby, holding the baby after his delivery, or any other evidence of anguish, grief, or bereavement;

3. Any evidence of damages suffered by the plaintiff due to the loss of her baby, including but not limited to damages for loss of the society, companionship and comfort of the baby from the event of his stillbirth to the present and any prospective damages;

4. any statement or argument, either through her own testimony, through the testimony of witnesses, or through her attorneys' closing argument, regarding the plaintiff's grief and bereavement upon learning that the baby had passed or thereafter, the experience of the c-section, the experience of holding her baby after it was delivered stillborn, and any experiences of anguish, grief, bereavement, or wrongful death type damages associated with the loss of the baby, including but not limited to loss of society, companionship, and comfort of the baby.

THE DEFENDANTS,
HAMPDEN COUNTY SHERIFF'S DEPARTMENT, MARIA DIAZ, NICOLE SKORUPSKI, ELIZABETH MEAUX, SHANTELLE ROSADO, JULIE BELLE-ISLE, LYNN CHASE, MICHAEL J. ASHE, JR., NICHOLAS COCCHI, PATRICIA MURPHY, NATALIE CRUZ, MICHAEL VANCINI,
By Their Attorney,

*/s/ Thomas E. Day*
_____
Thomas E. Day, BBO #655409
Special Assistant Attorney General

Lauren F. Olanoff, BBO #669371
Michael G. McDonough, BBO #682128
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, MA 01102-9035
(413) 737-0260. Fax (413) 737-0121
Email: ted@efclaw.com; lfo@efclaw.com; mgm@efclaw.com

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies of this document will be mailed, first-class mail, postage prepaid, to any unregistered participants on May 10, 2022.

*/s/ Thomas E. Day*

_____

Thomas E. Day