UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| LIDIA LECH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOROTHEA VON GOELER, MD; | ) |
| BAYSTATE MEDICAL PRACTICES, INC.; | ) C.A. No. 3:2017-cv-30024 |
| HAMPDEN COUNTY SHERIFF'S DEPARTMENT; | ) |
| MARIA DIAZ; | ) |
| NICOLE SKORUPSKI; | ) |
| ELIZABETH MEAUX; | ) |
| SHANTELLE ROSADO; | ) |
| JULIE BELLE-ISLE; | ) |
| LYNN CHASE; | ) |
| MICHAEL J. ASHE, JR.; | ) |
| NICHOLAS COCCHI; | ) |
| PATRICIA MURPHY; | ) |
| NATALIE CRUZ; | ) |
| MICHAEL VANCINI; | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S MOTION TO ADMIT STATEMENTS

Now comes Ms. Lidia Lech, the plaintiff in the above captioned matter, and hereby moves this Honorable Court, pursuant to F.R.E. 801(d)(1)(B)(i) and 803(1) and (3) to admit anticipated testimony of Alfred Zygmont relating to statements made by the plaintiff. As reason therefore counsel states:

1. Mr. Zygmont is scheduled to offer testimony at trial of the above matter on May 11, 2022.

2. A portion of Mr. Zygmont's testimony will regard visits with the plaintiff on December 26 and 28, 2013, while she was incarcerated at the WCC.

3. Mr. Zygmont made observations of the plaintiff's condition and had conversations with the plaintiff including about her medical condition.

4. Counsel anticipates testimony of Mr. Zygmont would include that during the above-mentioned visits Ms. Lech complained WCC medical staff were not paying attention to her, she was experiencing decreased fetal movement, felt that something was wrong, and that she thought she needed to go to the hospital.

5. For the following reasons, statements as indicated in ¶4 are not excluded as hearsay:

    a. The statements are not hearsay. Under F.R.E. 801 (d)(1)(B)(i) and (ii), a statement is not hearsay when the declarant testifies and is subject to cross-examination about a prior statement, and the statement is consistent with the declarant's testimony and "is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or to rehabilitate the declarant's credibility as a witness when attacked on another ground."

    b. Ms. Lech is a testifying witness at trial in the above matter and is subject to cross examination. Also, in opening statement, defense counsel argued that Ms. Lech's assertion that her medical complaints and requests to go to the hospital were ignored by the HCSD defendants was a product of fabrication. Additionally, defense counsel invited the jury to review recorded jail calls arguing that alleged omissions of medical complaints indicated Ms. Lech is fabricating her experience at the WCC.

    c. Because the defendants allege fabrication, specifically that she sought hospital transport during the period of December 22, 2013, to her eventual hospital trip on January 1, 2014, and have attacked her credibility, Ms. Lech's statements to Mr. Zygmont are not hearsay.

    d. Alternatively, the statements are admissible hearsay as present sense impressions "describing or explaining an event or condition, made while or immediately after" Ms. Lech perceived it under F.R.E. 803(1) and as statements of Ms. Lech's then-existing state of emotional, sensory, or physical condition such as mental feeling, pain, or bodily health under F.R.E. 803(3).

WHEREFORE, Ms. Lech respectfully requests that this Honorable Court admit the above referenced statements.

Respectfully submitted,
Ms. Lidia Lech,
By her attorneys,                                             Dated: 5/11/2022

___/s/ *David Rountree*_____
David Rountree, BBO # 555763
486 Main Street, Suite 2
Greenfield, MA 01301
(413) 774-6900
rountreelaw@verizon.net

___/s/ *John Godleski*_____
John Godleski, BBO# 688999
277 Main Street, Suite 300
Greenfield, MA 01301
(413) 695-8790
jack.godleski@gmail.com


CERTIFICATE OF SERVICE

    I, John Godleski, counsel for Plaintiff, Lidia Lech, hereby certify that on May 11, 2022, I served a copy of this document on all counsel of record via the Court's ECF notification system.

                                      /s/ John Godleski_____
                                      John Godleski, Esq.