UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

LIDIA LECH,
                         Plaintiff

v.

DOROTHEA VON GOELER, M.D.;
BAYSTATE MEDICAL PRACTICES, INC.;
HAMPDEN COUNTY SHERIFF'S DEPARTMENT;
MARIA DIAZ; NICOLE SKORUPSKI;
ELIZABETH MEAUX; SHANTELLE ROSADO;
JULIE BELLE-ISLE; LYNN CHASE;
MICHAEL J. ASHE, JR.; NICHOLAS COCCHI;
PATRICIA MURPHY; NATALIE CRUZ;
MICHAEL VANCINI,
                         Defendants

C.A. No. 3:17-CV-30024

**OPPOSITION OF DEFENDANTS, HAMPDEN COUNTY SHERIFF'S DEPARTMENT, MARIA DIAZ, NICOLE SKORUPSKI, ELIZABETH MEAUX, SHANTELLE ROSADO, JULIE BELLE-ISLE, LYNN CHASE, MICHAEL J. ASHE, JR., NICHOLAS COCCHI, PATRICIA MURPHY, NATALIE CRUZ AND MICHAEL VANCINI TO PLAINTIFF'S MOTION IN LIMINE TO ADMIT STATEMENTS OF LIDIA LECH**

Now come the defendants, Hampden County Sheriff's Department, Maria Diaz, Nicole Skorupski, Elizabeth Meaux, Shantelle Rosado, Julie Belle-Isle, Lynn Chase, Michael J. Ashe, Jr., Nicholas Cocchi, Patricia Murphy, Natalie Cruz, and Michael Vancini (collectively the "HCSD Defendants"), and hereby submit their Opposition to Plaintiff's Motion in Limine to Admit Statements of Lidia Lech. In support of this Opposition, HCSD Defendants state as follows:

Plaintiff seeks the introduction of her own statements through her witness Alfred Zygmont. Plaintiff argues that these statements are admissible under Federal Rules of Evidence Rule 801 (d)(1)(B)(i) and (ii) and Rule 803(1) and (3).

I. Rule 801 (d)(1)(B)

Rule 801 (d)(1)(B) permits a party to introduce evidence of prior consistent statements of a witness only when that witness has been impeached by evidence of prior *inconsistent* statements. *United States v. Bolick*, 917 F.2d 135, 139 (4th Cir. 1990). The purpose of this rule is to permit the rehabilitation of an impeached witness. Id. Prior consistent statements offered to rehabilitate witness may not be introduced before witness has been impeached. *Bolick*, at 139 (4th Cir. 1990); *United States v. Smith*, 746 F.2d 1183 (6th Cir. 1984) (Prior consistent statement exception cannot be applicable where statement is introduced before witness who made it has taken stand);  See also Fed. R. Evid. 608(a)(2) .("A witness's credibility may be attacked or supported … But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked."). Thus, plaintiff cannot offer any statements to "rehabilitate" Ms. Lech unless and until such time as she has been impeached for making inconsistent statements.

Further, pointing out inconsistencies in a witness's statements does not permit rehabilitation because "[i]nconsistency alone is not a charge of recent fabrication; we also require a suggestion of 'conscious alteration.' The line between challenging credibility or memory and alleging conscious alteration can be drawn when a district court determines whether the cross-examiner's questions reasonably imply intent on the part of the witness to fabricate." *United States v. Davis*, 726 F.3d 434, 447 (3d Cir. 2013) (internal quotations omitted). "Admissibility under the Rules is confined to those statements offered to rebut a charge of 'recent fabrication or improper influence or motive,' the same phrase used by the Advisory Committee in its description of the 'traditional' common law of evidence, which was the background against which the Rules were drafted. See Advisory Committee's Notes, supra, at 773. Prior consistent statements may not be admitted to counter all forms of impeachment or to bolster the witness merely because she has been discredited." *Tome v. United States*, 513 U.S. 150, 157 (1995).

II.     Rule 803(1)

Present sense impression statement must be contemporaneous with event or follow immediately thereafter. *United States v. Kehoe*, 562 F.2d 65, (1st Cir. 1977). *United States v. Medico*, 557 F.2d 309, (2d Cir. 1977), cert. denied, 434 U.S. 986, (1977); Assuming that Mr. Zygmont testifies consistent with his deposition testimony, he would apparently say that when he visited plaintiff at the WCC she reported to him "she complained about -- she felt she could no longer feel the baby. There was no movement. It was having difficulty… Basically said to me, yeah, somebody, whether it be a nurse or a doctor, gave me two aspirins and told me they'll see me in the morning." Zygmont deposition 20:17. Plaintiff's report is just that- it is a report of something that occurred in the past and plaintiff was sharing it at her weekly visit with her friend.

III.    Rule 803 (3)

Rule 803(3) exempts from the hearsay bar statements exhibiting a declarant's "then-existing state of mind; but the exception is not "a sweeping endorsement of all state-of-mind evidence." *United States v. Sabean*, 885 F.3d 27, 41 (1st Cir. 2018); Colasanto v. Life Ins. Co. of N. Am., 100 F.3d 203, 212 (1st Cir. 1996). To be admissible, the declaration "must 'mirror a state of mind, which, in light of all the circumstances, including proximity in time, is reasonably likely to have been the same condition existing at the material time.'" *Colasanto* at 212. see Mut. Life Ins. Co. of N.Y. v. Hillmon, 145 U.S. 285, 294-95, 12 S. Ct. 909, 36 L. Ed. 706 (1892).

Plaintiff's reports to Mr. Zygmont regarding her recent physical sensations related to her pregnancy were not contemporaneous with the actual sensations, and so they not show plaintiff's state of mind at the relevant time. "The contemporaneity requirement--that the statement evidence a 'then existing' state of mind--is part of the rationale since spontaneity in expressing one's present state of mind is thought to reduce the risk of deception." *United States v. Rivera-Hernandez*, 497 F.3d 71, 81 (1st Cir. 2007). United States v. Torres-Rosario, 658 F.3d 110, 114-115 (1st Cir. 2011).

THE DEFENDANTS,
HAMPDEN COUNTY SHERIFF'S
DEPARTMENT, MARIA DIAZ, NICOLE
SKORUPSKI, ELIZABETH MEAUX,
SHANTELLE ROSADO, JULIE BELLE-
ISLE, LYNN CHASE, MICHAEL J. ASHE,
JR., NICHOLAS COCCHI, PATRICIA
MURPHY, NATALIE CRUZ, MICHAEL
VANCINI,
By Their Attorney,

*/s/ Thomas E. Day*

_____
Thomas E. Day, BBO #655409
Special Assistant Attorney General
Lauren F. Olanoff, BBO #669371
Michael G. McDonough, BBO #682128
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, MA 01102-9035
(413) 737-0260. Fax (413) 737-0121
Email: ted@efclaw.com; lfo@efclaw.com; mgm@efclaw.com

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies of this document will be mailed, first-class mail, postage prepaid, to any unregistered participants on May 11, 2022.

*/s/ Thomas E. Day*

_____

Thomas E. Day

0056-170224\447579