UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| LIDIA LECH,<br><br>                           Plaintiff<br><br>v.<br><br>DOROTHEA VON GOELER, M.D.;<br>BAYSTATE MEDICAL PRACTICES, INC.;<br>HAMPDEN COUNTY SHERIFF'S DEPARTMENT;<br>MARIA DIAZ; NICOLE SKORUPSKI;<br>ELIZABETH MEAUX; SHANTELLE ROSADO;<br>JULIE BELLE-ISLE; LYNN CHASE;<br>MICHAEL J. ASHE, JR.; NICHOLAS COCCHI;<br>PATRICIA MURPHY; NATALIE CRUZ;<br>MICHAEL VANCINI,<br><br>                           Defendants | C.A. No. 3:17-CV-30024 |

**MOTION OF DEFENDANTS, HAMPDEN COUNTY SHERIFF'S DEPARTMENT, MARIA DIAZ, NICOLE SKORUPSKI, ELIZABETH MEAUX, SHANTELLE ROSADO, JULIE BELLE-ISLE, LYNN CHASE, MICHAEL J. ASHE, JR., NICHOLAS COCCHI, PATRICIA MURPHY, NATALIE CRUZ AND MICHAEL VANCINI TO PERMIT INQUIRY INTO SPECIFIC INSTANCES OF PLAINTIFF'S CONDUCT**

Now come the defendants, Hampden County Sheriff's Department, Maria Diaz, Nicole Skorupski, Elizabeth Meaux, Shantelle Rosado, Julie Belle-Isle, Lynn Chase, Michael J. Ashe, Jr., Nicholas Cocchi, Patricia Murphy, Natalie Cruz, and Michael Vancini (collectively the "HCSD Defendants"), and hereby move this Court to permit the HCSD Defendants to inquire into specific instances of the plaintiff's conduct, specifically untruthful statements made by the plaintiff on telephone calls that have been admitted into evidence in this case. First, these statements are not extrinsic evidence, but are portions of audio recordings of phone calls that have already been admitted into evidence in this case. Second, the evidence is probative of the plaintiff's character for untruthfulness.

1

The Federal Rules of Evidence provide in relevant part that "*extrinsic* evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed.R.Evid. 608(b) (evidence supplied).  The evidence that the HCSD Defendants seek to inquire of the witness about is not extrinsic evidence, it is portions of phone calls that have already been admitted into evidence in this case.  Therefore, the prohibition set forth above does not apply to this evidence.

Even if the prohibition did apply, the exception set forth in the rule also applies and renders the evidence admissible.  Rule 608(b) continues: "But the court may, on cross-examination, allow them [the specific instances of Lidia Lech's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness." Fed.R.Evid. 608(b).  In this case, the HCSD Defendants seek to play, on cross examination of the plaintiff, portions of recorded phone calls that are already in evidence in this case and inquire of the plaintiff as to specific statements she made on those phone calls, which appear to have been untruthful themselves, which demonstrate that other statements the plaintiff made on the phone calls were untruthful, or which generally demonstrate the plaintiff's character for untruthfulness due to her participation in or planning of untruthful conduct.

All of the instances of the plaintiff's conduct are highly probative of her character for untruthfulness, which is of central importance to this case.  The plaintiff's version of events is strenuously disputed by the HCSD Defendants and conflicts with the version of the events as set forth in the contemporaneously produced medical records in this case.  The allegations that the plaintiff makes against the HCSD Defendants through her version of the events are extremely serious, accusing the medical providers and corrections professionals of deliberately ignoring the serious medical concerns of this woman who had been committed to their care and intentionally inflicting emotional distress on that woman, who was nine months pregnant at the time.  The HCSD Defendants should be allowed to defend themselves against these serious allegations through the introduction of this evidence.

Furthermore, the evidence of Ms. Lech's untruthfulness as reflected in her recorded phone calls, is admissible under Fed.R.Evid. 806, which provides in relevant part that "[w]hen a hearsay statement … has been admitted into evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness." Here, the declarant, Lidia Lech, has testified as a witness and her hearsay statements have been admitted into evidence. Specifically, Ms. Lech's hearsay statements as to what she reported to healthcare providers have been admitted into evidence. Furthermore, Lech's hearsay statements in phone recordings were testified to on direct examination and have been admitted into evidence. Therefore, because the plaintiff's hearsay statements have been admitted into evidence, the HCSD Defendants should be permitted to attack Ms. Lech's credibility by the evidence on Ms. Lech's recorded phone calls, evidence which has already been admitted in this case.

For the foregoing reasons, the HCSD Defendants hereby move this Court to allow this motion and permit the HCSD Defendants to inquire into specific instances of Ms. Lech's conduct, on the recorded phone calls, which are evidence of her character for untruthfulness and her credibility as a witness.

THE DEFENDANTS,
HAMPDEN COUNTY SHERIFF'S DEPARTMENT, MARIA DIAZ, NICOLE SKORUPSKI, ELIZABETH MEAUX, SHANTELLE ROSADO, JULIE BELLE-ISLE, LYNN CHASE, MICHAEL J. ASHE, JR., NICHOLAS COCCHI, PATRICIA MURPHY, NATALIE CRUZ, MICHAEL VANCINI,
By Their Attorney,

*/s/ Thomas E. Day*
_____
Thomas E. Day, BBO #655409
Special Assistant Attorney General
Lauren F. Olanoff, BBO #669371
Michael G. McDonough, BBO #682128
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035

Springfield, MA 01102-9035
(413) 737-0260. Fax (413) 737-0121
Email: ted@efclaw.com; lfo@efclaw.com;
mgm@efclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies of this document will be mailed, first-class mail, postage prepaid, to any unregistered participants on May 16, 2022.

*/s/ Thomas E. Day*
_____
Thomas E. Day