UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIDIA LECH, | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| DOROTHEA VON GOELER, | ) | |
| BAYSTATE MEDICAL | ) | |
| PRACTICES, INC., | ) | |
| HAMPDEN COUNTY SHERIFF'S | ) | |
| DEPT., | ) | |
| MARIA DIAZ, | ) | |
| NICOLE SKORUPSKI, | ) | Civil Case No. 17-30024-KAR |
| ELIZABETH MEAUX, | ) | |
| SHANTELLE ROSADO, | ) | |
| JULIE BELLE-ISLE, | ) | |
| LYNN CHASE, | ) | |
| NATALIE CRUZ, | ) | |
| MICHAEL VANCINI, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR TRIAL
TRANSCRIPT PURSUANT TO 28 U.S.C. § 753(f)**
(Dkt. No. 289)

ROBERTSON, U.S.M.J.

I.    INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Lidia Lech's ("Plaintiff") child was stillborn while she was an inmate at the

Western Massachusetts Women's Correctional Center ("WCC").  She sued the Hampden County

Sheriff's Department, Dorothea Von Goeler, M.D. and her employer, Baystate Medical Practices,

Inc., Sheriff Michael J. Ashe, Jr., Assistant Superintendent Patricia Murphy, and eight WCC

employees.  Plaintiff claimed that Dr. Von Goeler and the WCC medical staff were indifferent to

her medical needs in violation of 42 U.S.C. § 1983 (Count I), that, as supervisors of the WCC

employees, Sheriff Ashe and Assistant Superintendent Murphy were liable for the employees'

civil rights violations (Count II), that Dr. Von Goeler and Baystate Medical Practices, Inc. were

1

liable for medical malpractice (Count IV), that the Hampden County Sheriff's Department was liable for the negligence of the WCC employees (Count V), and that Dr. Von Goeler and certain employees of the WCC were liable for intentionally inflicting emotional distress (Count VI).[1] After a trial before the undersigned that took approximately four weeks, the jury returned a verdict in favor of all Defendants and against Plaintiff (Dkt. No. 276).  The court granted Plaintiff's motion for leave to appeal *in forma pauperis* ("IFP") (Dkt. No. 284).  Plaintiff has moved under 28 U.S.C. § 753(f), for a free trial transcript (Dkt. No. 289).  For the reasons that follow, Plaintiff's motion is DENIED without prejudice.

II.    ANALYSIS

Appellants in civil cases are not entitled to a transcript as a matter of right.  *See Evans v. City of Tulsa,* No. 91-5019, 1992 WL 2882, at *2 (10th Cir. 1992) (unpublished).  "A request for a trial transcript at government expense in a civil case is governed by 28 U.S.C. § 753(f)." *Strahan v. Holmes*, 686 F. Supp. 2d 129, 130 (D. Mass. 2010).  The statute permits a party in a civil proceeding to obtain a transcript at the government's expense only if (1) the party is granted leave to proceed IFP on appeal, (2) the trial judge or a circuit judge certifies that the appeal is "not frivolous" but "presents a substantial question," and (3) the transcript is necessary to resolve the question on appeal.  *See Tompson v. Fisher*, Civil No. 17-cv-069-SM, 2019 WL 13157848, at *1 (D.N.H. Feb. 25, 2019) (quoting 28 U.S.C. § 753(f)); *see also Maloney v. E. I. DuPont de Nemours & Co.*, 396 F.2d 939, 940 (D.C. Cir. 1967) (per curiam) ("Before a free transcript can be furnished . . . the appeal must be permitted *in forma pauperis*, and the required certification

---

[1] Plaintiff's claim that Defendants violated her rights under art. 26 of the Massachusetts Declaration of Rights (Count III) was dismissed prior to trial and her claim of supervisory liability (Count II) was dismissed during trial.

must be made.").  "The standard for determining whether an appeal is not frivolous but presents a

substantial question for the purposes of Section 753(f) is whether the issue on appeal 'judged on

an objective basis, is a question which is "reasonably debatable."'"  *Linden v. Harper & Row*

*Inc.*, 467 F. Supp. 556, 558 (S.D.N.Y. 1979) (quoting *Harlem River Consumers Coop., Inc. v.*

*Associated Grocers of Harlem, Inc.,* 71 F.R.D. 93, 97 (S.D.N.Y. 1976)).  *See Shabazz v. Cole,* 69

F. Supp. 2d 210, 227 (D. Mass. 1999) ("A 'substantial question' under § 753(f) is defined as one

which is 'reasonably debatable' based on an objective standard.") (citation omitted).  "This

standard is distinct from the 'good faith' test of 28 U.S.C. § 1915(a) and Rule 24(a)(3) of the

Federal Rules of Appellate Procedure associated with certifying a plaintiff's IFP status; thus, an

appeal may be considered not frivolous for purposes of granting IFP status, yet may still be

found frivolous as not presenting a substantial question under Section 753(f)."  *Echemendia v.*

*Gene B. Glick Mgmt. Corp.*, CAUSE NO. 1:05-CV-00053, 2006 WL 8452002, at *1 (N.D. Ind.

Apr. 13, 2006).  "An additional factor is whether the transcript is necessary for the presentation

of the appeal."  *Linden,* 467 F. Supp. at 558 (quoting *Harlem River Consumers Coop., Inc.,* 71

F.R.D. at 97-98 & n.7).  According to Plaintiff's motion, court reporters are paid $3.65 per page

of transcript.  The cost of the requested trial transcript would be considerable.

Plaintiff's motion for a free transcript pursuant to 28 U.S.C. § 753(f) identifies four

questions she claims are substantial to justify production of the transcript of eighteen days of trial

testimony (Dkt. No. 289).  At this time, Plaintiff has not shown that her appeal will present

substantial questions and that a transcript of eighteen days of testimony, including the testimony

of multiple experts, is necessary in order for her to obtain appellate review.  *See Maloney,* 396

F.2d at 940 (appellant has the burden to prove the appeal presents a substantial question).  The

first three issues posed by Plaintiff involve alleged errors in admitting or excluding evidence

3

(Dkt. No. 289 ¶ 8 (a), (b), (c)).  Plaintiff claims that the court erred by excluding testimony of a witness who would have said that Plaintiff told him she asked WCC employees to take her to the hospital, by admitting her significant other's statements from recorded jail telephone calls, and by admitting evidence of specific instances in which Plaintiff was untruthful (Dkt. No. 289 ¶ 8 (a), (b), (c)).  The First Circuit reviews a district court's evidentiary rulings for an abuse of discretion.  *See Torres-Arroyo v. Rullán,* 436 F.3d 1, 7 (1st Cir. 2006).  Plaintiff's allegations of error are conclusory and, under the abuse of discretion standard, are not sufficient to show that the court's evidentiary rulings are "reasonably debatable" or, if they are, why the appellate court will need a transcript of all the trial testimony to review those rulings.  *Linden,* 467 F. Supp. at 557-58.  *See* Fed. R. App. P. 10(b)(3) (discussing partial transcripts); *see also Wright v. City of St. Francis,* 166 F. App'x 343, 347 (10th Cir. 2006) (unpublished) (denying request for a free transcript where appellants' motion failed to state the basis for the trial court's evidentiary rulings or show how the admitted testimony was critical to their case); *Gary v. Prof'l Div., Alberto-Culver Co.,* No. 87-3863, 1988 WL 124800, at *1 (4th Cir. 1988) (per curiam) (unpublished) ("[plaintiff] is entitled to a transcript, at least on her evidentiary claims, if she can show that her claims are not frivolous but 'reasonably debatable.'"); *Tompson,* 2019 WL 13157848, at *1 ("[plaintiff] has made no representation as to what the transcripts or recordings would reveal, and no showing as to whether her appeal presents a substantial question that may be resolved based on that record."); *Jacobs v. Delano,* Civil Action No. 07-237, 2014 WL 2214219, at *5 (W.D. Pa. May 28, 2014) (the plaintiff's "personal disagreements with the court's evidentiary rulings" did not present a "substantial question for appeal.").

Plaintiff's fourth issue is with the court's dismissal of Count II against Sheriff Michael Ashe and Assistant Superintendent Patricia Murphy for supervisory liability under 42 U.S.C. §

1983 (Dkt. No. 289 ¶ 8(d)).  To prove supervisory liability under § 1983, "the plaintiff must show that one of the supervisor's subordinates abridged the plaintiff's constitutional rights." *Guadalupe-Baez v. Pesquera,* 819 F.3d 509, 514-15 (1st Cir. 2016) (citing *Pineda v. Toomey,* 533 F.3d 50, 54 (1st Cir. 2008)).  Where the jury determined that the defendants who were members of the WCC's medical staff did not violate Plaintiff's constitutional right (Dkt. No. 276), Plaintiff has not shown how her fourth issue is "reasonably debatable."  *Linden,* 467 F. Supp. at 558.  This issue, as stated, is not a basis for the court to certify that the appeal presents a substantial question and is not frivolous.  *See* 28 U.S.C. § 753(f) (the court cannot certify a free transcript for an appeal that lacks merit).

In summary, Plaintiff asks the government to provide the transcript of eighteen days of testimony without adequately showing that her appeal will present substantial questions and that the appellate court will require the entire trial transcript to resolve issues she may raise on appeal.  Because Plaintiff has not, at this time, demonstrated that she is eligible for a free transcript, her motion is denied without prejudice.

III.   CONCLUSION

For the above-stated reasons, Plaintiff's Motion for Trial Transcript Pursuant to 28 U.S.C. § 753(f) (Dkt. No. 289) is denied without prejudice.

It is so ordered.

Date:  September 6, 2022                    /s/ Katherine A. Robertson
                                           KATHERINE A. ROBERTSON
                                           U.S. MAGISTRATE JUDGE